UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL DOUGLAS WERNER, #307577,

    Petitioner,

                                Civil No: 06-CV-11217
                                Honorable Gerald E. Rosen
                                Magistrate Judge R. Steven Whalen

v.

ANDREW JACKSON,

    Respondent.
_____/

**OPINION & ORDER DENYING A CERTIFICATE OF APPEALABILITY**

Petitioner, Paul Douglas Werner, has appealed the Court's denial of his habeas corpus petition. The petition challenged Petitioner's state court convictions for second-degree murder; operating a motor vehicle while under the influence of intoxicating liquor (OUIL) causing death; OUIL causing serious impairment of a bodily function; and driving with a suspended license, second offense. Petitioner raised eight issues for habeas review. They are as follows:

    I. Reversal of the second degree murder conviction is required where insufficient evidence was presented to prove the requisite element of malice and the trial court denied the motion for directed verdict.

    II. Convictions of second degree murder and OUIL causing death for the death of the same individuals violates double jeopardy principles.

    III. Mr. Werner's constitutional rights to equal protection and due process were violated when he was charged by the prosecutor under both a general statute and a specific statute for a single death.

    IV. Mr. Werner was deprived of his liberty without due process of law when the trial court gave a reasonable doubt jury instruction too broad to enable jurors to acquire a reasonably ascertainable standard for determining criminal liability.

> V. Mr. Werner was denied his constitutional rights to a fair trial pursuant to the Michigan and United State Constitutions when the trial court erroneously admitted prejudicial other acts evidence.
>
> VI. Mr. Werner was deprived of his liberty without due process of law when the trial court denied his right to confrontation and precluded him from presenting evidence crucial to his defense.
>
> VII. Mr. Werner was deprived of his liberty without due process of law where the cumulative effect of errors denied him a fair trial.
>
> VIII. Defense counsel's one significant error deprived Mr. Werner of his due process right to present a substantial defense and constitutes the ineffective assistance of counsel under the state and United States Constitution.

Currently pending before the Court is Petitioner's motion for a certificate of appealability (COA).

## I. STANDARD

"[A] prisoner seeking postconviction relief under 28 U.S.C. § 2254 has no automatic right to appeal a district court's denial or dismissal of the petition. Instead, [the] petitioner must first seek and obtain a COA." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "It is consistent with § 2253 that a COA will issue in some instances where there is no certainty of ultimate relief. After all, when a COA is sought, the whole premise is that the prisoner 'has already failed in that endeavor.'" *Miller-El*, 537 U.S. at 337 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "[A] claim can be

debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that [the] petitioner will not prevail." *Miller-El*, 537 U.S. at 338.

## II. DISCUSSION

### A. Sufficiency of Evidence

Petitioner asserts that there was insufficient evidence to sustain a second-degree murder conviction, specifically, there was insufficient evidence to prove the requisite malice element. However, the prosecutor presented the following evidence: (1) Petitioner's blood alcohol level was .22 grams of alcohol per 100 milliliters of blood; (2) Petitioner was driving the wrong way on Interstate 75; (3) Petitioner made no attempts to avoid the accident, i.e., by slowing down; (4) Petitioner admitted that he knew the degree of risk when driving while intoxicated; (5) Petitioner knew he had a drinking problem and did not seek treatment; (6) Petitioner knew that he was subject to suffering from "blackouts" when he drinks alcohol; and (7) Petitioner has been involved in drunk driving accidents in the past.

Therefore, the Court finds that reasonable jurists would agree that sufficient evidence was presented which would substantiate a second-degree murder charge and conviction.

### B. Double Jeopardy

Petitioner claims that his convictions of second-degree murder and OUIL causing death is a violation of the Double Jeopardy Clauses of the federal and state constitutions. OUIL causing death under Mich. Comp. Laws § 257.625(4) requires "a person, whether licensed or not, who operates a motor vehicle [on public roads while intoxicated] and by the

operation of that motor vehicle causes the death of another person. " Mich. Comp. Laws § 257.625(4). Under Michigan law, the elements of second degree murder are: (1) a death, (2) caused by an act of the defendant, (3) with malice, and (4) without justification or excuse. Thus, conviction under OUIL causing death requires proof of the defendant's operation of a motor vehicle, presence on public roads and intoxication; second degree murder requires proof of malice. Each requires proof that the other does not, and, therefore, the test set forth in *Blockburger v. United States*, 284 U.S. 299, 304 (1932), is satisfied.

Because the conviction of second-degree murder and OUIL causing death does not violate the Double Jeopardy clause, the Court declines to issue a certificate of appealability on this issue.

### C. Criminal Charges Under General & Specific Statutes

Petitioner maintains that the prosecutor abused its discretion when he charged Petitioner under the second-degree murder statute and the OUIL causing death statute. "[A] defendant has no constitutional right to elect which applicable . . . statutes shall be the basis of his indictment or prosecution." *United States v. Batchelder,* 442 U.S. 114, 124 (1979). In this case there was substantial support for Petitioner to be arrested under either the second degree murder statute or the OUIL statute. Moreover, Petitioner has not demonstrated how his due process and/or equal protection rights have been violated by the prosecutor's decision to charge in the manner in which it was done. Therefore, reasonable jurists would not find the Court's decision to deny habeas relief on this issue debatable or wrong.

### D.

**Reasonable Doubt Jury Instruction**

Petitioner contends that the trial court erred in issuing the reasonable doubt jury instruction by weakening the standard and "requiring the jurors to make certain their doubts are "fair." This claim was not only procedurally defaulted, but the United States Court of Appeals for the Sixth Circuit has upheld the constitutionality of the standard instruction used at Petitioner's trial.  See *Binder v. Stegall,* 198 F.3d 177, 178-79 (6th Cir.1999). Therefore, reasonable jurists would agree that  the Court's assessment of this issue was not incorrect or debatable

**E.**

**Admission of Other Acts Evidence**

Petitioner asserts that the trial court's admission of evidence regarding a drunken driving incident involving Petitioner, which occurred on June 23, 1999, was prejudicial and irrelevant.

It is well-established that "federal habeas corpus review does not lie for errors of state law."  *Estelle v. McGuire,* 502 U.S. 62,67-68 (1991). "Errors by a state court in the admission of evidence are not cognizable in habeas corpus proceedings unless they so perniciously affect the prosecution of a criminal case as to deny the defendant the fundamental right to a fair trial."  *Kelly v. Withrow,*  25 F.3d 363, 370 (6th Cir. 1994). Petitioner made no such showing in his habeas pleadings.  Since Petitioner "blacked out" in the 1999 incident, the evidence was admitted to show that Petitioner knew that heavy drinking could lead to a blackout and an inability to control his actions during his "blacked

5

out" state.

Thus, the state court's decision to reject this evidentiary argument is not contrary to or an unreasonable application of Supreme Court precedent; and a certificate of appealability is not warranted relative to this issue.

## F.

### Exclusion of Evidence

Petitioner sought to introduce evidence that the decedent was not wearing a seat belt at the time of the collision in an effort to show that Petitioner's conduct was not the substantial cause of decedent's death. The trial court did not permit the admission of the evidence.

In this case, not only did Petitioner fail to demonstrate that his constitutional rights have been denied as a result of the omission of this seat belt evidence, but Petitioner also failed to show that his evidence is accurate. Therefore, issuance of a certificate of appealability relative to this issue would not be proper.

## G.

### Cumulative Error

Petitioner argues that the cumulative effect of the trial court errors resulted in his conviction. This is not a claim that is cognizable on habeas review. *Lorraine v. Coyle,* 291 F.3d 416, 447 (6th Cir. 2002). Therefore, a certificate of appealability is not warranted.

## H.

## Ineffective Assistance of Trial & Appellate Counsel

Petitioner asserts that his trial attorney was deficient in several respects: (1) failed to challenge competency of the prosecution's accident reconstruction expert; (2) failed to plead Petitioner to a lesser offense; (3) failed to place certain objections on the record; (4) failed to present certain evidence; (5) failed to investigate; and (6) failed to secure an expert witness. Petitioner further claims that his appellate attorney was ineffective for not recognizing and raising these issues on direct appeal.

Regarding Petitioner's ineffective assistance of trial counsel claim, Petitioner lists a myriad of omissions, failures, and alleged deficiencies in trial counsel's legal representation. However, aside from listing these claims, Petitioner fails to show that counsel's alleged errors were so serious that he was not functioning as counsel as guaranteed by the Sixth Amendment. See *Strickland v. Washington,* 466 U.S. 668 (1984). Petitioner further fails to demonstrate how counsel's alleged deficient performance prejudiced his defense to the point of not receiving a fair trial. *Id.* Reasonable jurists would not find the district court's assessment of Petitioner's ineffective assistance of counsel claim debatable or wrong.

With respect to Petitioner's ineffective assistance of appellate counsel claim, it is clearly established that to show Petitioner was prejudiced by counsel's failure to raise these claims on appeal Petitioner must show a reasonable probability that the claims would have succeeded on appeal. See *Smith v. Robbins*, 528 U.S. 259, 285-86 (2000). Because Petitioner failed to show that any of his claims were meritorious and because the Court's resolution of those underlying claims is not debatable among reasonable jurists, the Court's resolution of his appellate counsel claim likewise is not debatable among reasonable jurists.

## IV.  CONCLUSION

Accordingly,

**IT IS ORDERED** that the motion for certificate of appealability [dkt. 27] is

**DENIED.**

                                                  s/Gerald E. Rosen
                                                  Chief Judge, United States District Court

Dated:  June 26, 2009

## CERTIFICATE OF SERVICE

I hereby certify that on _____June 26, 2009_____, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: _____Laura Cook_____, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:
_____Paul Werner, #307577, Pine River Correctional Facility, 320 Hubbard Street, St. Louis, MI 48880-1978_____.

                                                  s/Ruth A. Brissaud
                                                  Ruth A. Brissaud, Case Manager
                                                  (313) 234-5137